DANIEL T. READ and others, Respondents, *v.* THE PRESI-
DENT, MANAGERS AND COMPANY OF THE DELAWARE AND
HUDSON CANAL COMPANY, Appellants.

(GENERAL TERM, THIRD DEPARTMENT, SEPTEMBER, 1870.)

The defendants sold coal to the plaintiffs, and agreed to deliver it in
October, upon boats provided by the latter. The plaintiffs furnished
boats as agreed, and demanded the coal, which the defendants failed to
deliver until late in November. In an action to recover damages for
detention of the plaintiffs' boats,—*Held*, that the defendants were liable,
and in view of their contract, could not excuse the detention by showing
an usage or custom, or that the delay was caused by failure in their
supply of coal, or by breaks in the canal, or by other excuses which
might avail where the contract for delivery was not explicit in terms.

APPEAL from judgment entered on referee's report.

The action was brought to recover damages sustained by
the detention of certain canal boats, for the failure to deliver
coal, sold according to contract, and for a balance of $150 due
for money advanced.

The cause was tried before a referee. It appeared
upon the trial, that on the 12th day of October, 1868, the
defendants entered into a contract with the plaintiffs,
by which upon a credit of ten days they sold and agreed
to deliver at Rondout, N. Y., to the plaintiffs in the month
of October, 500 tons of stove coal, at seven dollars per ton,
and 100 tons of chestnut coal, at six dollars per ton, on board
of canal boats to be furnished by the plaintiffs. The defend-
ants delivered about ninety-four tons of chestnut coal October
17, 1868, and the plaintiffs accepted and paid for the same. The
referee found that the plaintiffs furnished the necessary canal
boats during the month of October, and demanded the coal of
the defendants; that the defendants failed to deliver the balance
of the coal during the month of October, 1868, but afterward
delivered the same in the month of November, excepting a bal-
ance of about thirty-nine tons. That the canal boats furnished
were kept and detained, through the fault of the defendants,

in waiting for the delivery of the coal as stated in the report. And that the plaintiffs incurred an expense, by reason of the detention, to the amount of $564, for the use of the boats. The referee also reported that the plaintiffs sustained damages to the amount of $38.29 by reason of the failure to deliver about thirty-nine tons of coal, and that they had over-paid the defendants upon a draft $150. He found in favor of the plaintiffs $656.21. Exceptions were duly taken to the findings of the referee, and also to the rejection of evidence on the trial. Judgment was entered upon the referee's report, and the defendants appealed to this court.

*Owen, Nash and Gray* for the appellants

*D. S. Morrell* for the respondents.

Present—MILLER, P. J., POTTER and PARKER, JJ.

By the Court—MILLER, P. J. The finding of the referee that the boats furnished by the plaintiffs for the transportation of the coal, were kept and detained by the defendants, through their fault, to which exception was taken, I think is sustained by the testimony. By the contract the defendants agreed to deliver the coal to the plaintiffs in the month of October, 1868, upon boats to be furnished by the plaintiffs. The plaintiffs furnished the necessary boats during the month of October, in accordance with the contract, but the defendants failed to deliver the coal, and kept the boats waiting until the latter part of the month of November. It was not therefore the fault of the plaintiffs that the coal was not delivered according to contract, and that the boats were detained. And as the coal was not delivered as agreed upon, it necessarily follows that it was the fault of the defendants. They failed to comply with the terms of the contract, while the plaintiffs were ready to fulfill, and therefore the defendants were in fault. The defendants seek to excuse the detention by the usage and custom which obtains in such cases, and

insist that the time from which the detention is to be reckoned commenced when the boats were at their loading places in their order, and not when they arrived at the port. (*Brereton* v. *Chapman*, 7 Bing., 559 ; *Hill* v. *Anderson*, 10 Mees. & W., 498.) I think this cannot be done where there is a specific agreement to deliver the coal within a specified time, and the plaintiffs were ready to perform at the time named. No usage or custom can be set up to control the rules of law, or to contradict the agreement of parties. The agreement must control, and, where an express contract is made, the parties must be held to its terms strictly, and no excuse is generally available for delay, even if it be without the fault of the party which is not stipulated in the contract. (*Cross* v. *Beard*, 26 N. Y., 85 ; *Wadsworth* v. *Alcott*, 2 Seld., 72.) Where a contract prescribes the time of delivery, no temporary obstruction or even the absolute impossibility of complying with the engagement will be a defence for a failure to perform. (Angel on Carriers, § 294.) Conceding the correctness of the rule in ordinary cases that the boats were bound to await their turn in reaching the loading places, and that this is an excuse for a detention, and will usually bar a recovery for damages during the time they are so waiting ; and taking also into consideration that the testimony showed a lack of coal on hand, and that there were breaks in the canal and other difficulties in the way of delivering the coal at the time named in the contract, yet I do not understand that these excuses are sufficient where there is a specific time agreed upon for the delivery. In such cases the party must live up to his contract at all hazards and cannot avail himself of excuses which might properly and lawfully be invoked where the agreement was not explicit and fixed in its terms.

I think that the finding of the referee that in the month of October the plaintiffs demanded the coal of the defendants, and that the defendants refused to deliver it was warranted by the testimony. The complaint alleges a demand, and the answer does not deny the allegation. One of the plaintiffs testifies that he demanded of the defendants the

whole of the coal which was not previously delivered on the 29th or 30th of October, of a person in the office, and he did not deliver it, but promised to do so. This evidence of itself was sufficient I think, to authorize the conclusion of the referee, that a demand was made independent of any admission which may have been made by the pleadings.

The question put to one of the plaintffs' witnesses as to his understanding that all the boats were to take their turn in loading in the order in which they entered, was properly excluded by the referee. It is enough to say, that it called for the witness' opinion or knowledge as to a matter which had nothing to do with the contract between the parties.

There was no error upon the trial, and the judgment must be affirmed with costs.

Judgment affirmed.